# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW X. WINTERS,

              Plaintiff,

v.

J. O'HANLON,

              Defendant.

Case No. 25-CV-1136-JPS

**ORDER**

     Plaintiff Matthew X. Winters, a prisoner proceeding pro se and incarcerated at the Kenosha County Detention Center, filed a complaint in the above captioned action along with a motion to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF Nos. 1, 6. On October 10, 2025, the Court screened the complaint, found that it failed to state a federal claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 10. On December 15, 2025, Plaintiff filed a letter in response to a limited filing bar, indicating that he wished to proceed with this case. ECF No. 15. This Order screens Plaintiff's amended complaint, ECF No. 11, and addresses Plaintiff's motion for summary judgment, ECF No. 16.

**1.    FEDERAL SCREENING STANDARD**

     Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that Kenosha County Records Administrator, Defendant J. O'Hanlon ("O'Hanlon") denied him access to body camera records. ECF No. 11 at 6. On June 25, 2024, Plaintiff submitted an open

Page 2 of 6
Case 2:25-cv-01136-JPS    Filed 02/26/26    Page 2 of 6    Document 18

records request. *Id.* On June 26, 2024, O'Hanlon denied his request as a duplicate request. *Id.* Plaintiff filed a prisoner grievance addressing this issue. *Id.* at 6–7.

3.   ANALYSIS

The Court finds that Plaintiff fails to state an access to courts claim. Plaintiff alleges that O'Hanlon denied him access to evidence in his possession. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis*, 518 U.S. at 353 (plaintiff must identify a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415.

Here, Plaintiff's amended complaint does not meet the basic requirements for an access to courts claim. Although Plaintiff generally references that O'Hanlon denied him access to evidence, the complaint does

not provide any information about how those actions actually prejudiced a potentially meritorious claim. As such, Plaintiff may not proceed on an access to courts claim.

To the extent that Plaintiff seeks documents related to another case, the Court notes that a party's duty to preserve evidence is triggered when it knows or should know that litigation is imminent. *See Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008). To the extent that Plaintiff is attempting to bring a state law claim under Wisconsin law, "Wisconsin's open records law states that '[e]xcept as otherwise provided by law, any requester has a right to inspect any record.'" *Wisconsin Carry, Inc. v. City of Milwaukee*, 35 F. Supp. 3d 1031, 1039 (E.D. Wis. 2014) (quoting Wis Stat. § 19.35(1)(a)). This statute, however, specifies "that the exclusive remedial procedure for violations is an action for mandamus. § 19.37(1)." *Id.* As such, there are no factual allegations in the complaint that support a violation of federal law to give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff may choose to purse his state law claim in state court.

4. **CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a federal claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss this case without prejudice for a lack of subject-matter jurisdiction, and Plaintiff may choose to pursue his claim in state court. The Court will accordingly deny Plaintiff's motion for summary judgment as moot.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment, ECF No. 16, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

> Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).
>
> A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.